# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 19-1136

KENNETH M. CARPENTER, APPELLANT,

AND

No. 19-1137

ROBERT V. CHISHOLM, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued November 17, 2020                                    Decided July 9, 2021)

*Charles S. Dameron*, of Washington, D.C., with whom *Jay I. Alexander*, *Daniel J. Farnoly*, *John Niles*, and *Barton F. Stichman*, all of Washington, D.C., were on the brief for the appellants.

*Nathan P. Kirschner*, of Washington, D.C., with whom *William A. Hudson, Jr.*, Acting General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Selket N. Cottle*, Deputy Chief Counsel, all of Washington, D.C., were on the brief for the appellee.

*Yelena Duterte* of Chicago, Illinois, was on the brief for the National Law School Veterans Clinic Consortium as amicus curiae.

Before GREENBERG, MEREDITH, and FALVEY, *Judges*.

FALVEY, *Judge*: Kenneth M. Carpenter and Robert V. Chisholm are VA-accredited attorneys and principals in law firms that represent claimants before VA. Both firms employ paralegals. Not all the paralegals are VA-accredited. Mr. Carpenter's firm also employs non-paralegal support staff. None of the non-paralegal support staff are VA-accredited. For their non-VA-accredited paralegals and other non-VA-accredited staff, Mr. Carpenter and Mr. Chisholm both have requested remote, read-only access to automated VA claims records. Ultimately, in separate decisions, the Board of Veterans' Appeals denied Mr. Carpenter's unaccredited paralegals and staff and Mr. Chisholm's unaccredited paralegals remote, read-only access to automated VA claims records. Appellants through counsel appealed these decisions. They also filed an unopposed

motion to consolidate, which the Court granted on May 31, 2019, and then consolidated the appeals under U.S. Vet. App. Docket Number 19-1136.

These appeals, which are timely and over which the Court has jurisdiction, *see* 38 U.S.C. §§ 7252(a), 7266(a), were referred to a panel of the Court, with oral argument,[1] to decide whether, in categorically barring non-VA-accredited paralegals and staff from remote, read-only access to the Veterans Benefits Management System (VBMS),[2] VA violates the note to 38 C.F.R. § 14.629. Because that note concerns access to Veterans Benefits Administration (VBA) automated claims records as described in 38 C.F.R. §§ 1.600-.603, we must consider whether the Court's interpretation of those regulations in *Green v. McDonald*, 28 Vet. App. 281, 290 (2016) (per curiam order), applies to these appeals, particularly considering changes in VA's technological landscape. We are also asked to decide whether VA's bar against remote access to VBMS for accredited attorneys' unaccredited paralegals and support staff violates 38 U.S.C. § 5904(a) and due process, and whether the addition to and omission from the appellants' claims files of some documents constitutes statutory and due process violations.

On February 24, 2021, the Court issued a panel decision affirming the Board decisions. On March 10, 2021, the appellants filed an unopposed motion to deconsolidate their cases because they had different views on how to proceed with their cases. In response to a Court order, on March 15, 2021, Mr. Carpenter stated that he intended to file a motion for reconsideration or en banc review, and Mr. Chisholm stated that he would not take further action on this matter in this Court or at the U.S. Court of Appeals for the Federal Circuit. The next day, the Court deconsolidated the cases, reopened Docket Number 19-1137, and included all docket entries made under Docket Number 19-1136 after May 31, 2019.

After Mr. Carpenter's motion for extension was granted, on May 3, 2021, he moved for panel reconsideration or en banc review. The Court will grant panel reconsideration under both Docket Numbers 19-1136 and 19-1137. *See* U.S. VET. APP. R. 2, 35. Though Mr. Chisholm does not wish to continue to pursue this matter and though we have deconsolidated these cases, for

---

[1] The appellants filed an opposed motion for oral argument, but that motion is moot because the Court decided sua sponte that oral argument would assist us in our determination.

[2] "VBMS is an automated, fully electronic, Web-based claims processing system designed to serve as the cornerstone of VBA's transition to paperless claims processing." VA's Notice of Amendment of System of Records, "'VA Compensation, Pension, Education, and Vocational Rehabilitation and Employment Records—VA' (58VA21/22/28)," 77 Fed. Reg. 42,594-01 (July 19, 2012).

consistency—i.e., to avoid having two different precedential decisions on the same matter—we will grant Mr. Carpenter's motion for panel reconsideration and sua sponte grant panel reconsideration in Mr. Chisholm's case. Upon reconsideration, the Court will withdraw the February 24, 2021, panel decision and issue this panel decision in its stead. Because the February 2021 panel decision was issued under both appellants' names, this current decision will also be issued under both appellants' names, but the decision will be entered in both dockets rather than under just Docket Number 19-1136.

Returning to the merits, we find, as before, that because the regulations themselves—§§ 1.600-.603—have not changed since *Green*, the Court must follow the regulations' plain language and *Green*'s analysis of that language. We therefore find that the regulations do not pertain to VBMS access. And the Federal Circuit's decision in *Euzebio v. McDonough*, 989 F.3d 1305 (Fed. Cir. 2021), which issued shortly after our February 2021 decision, does not change that determination. We also find that the appellants have not proved that they were prejudiced by the denial of VBMS access to their unaccredited paralegals and staff, such that they could not competently represent their clients. Nor have the appellants proved they are prejudiced by any alleged record deficiencies. Thus, we will affirm the Board's decisions.

## I. FACTS AND PROCEDURAL HISTORY

### A. Mr. Carpenter's Appeal

In June 2016, Mr. Carpenter requested VBMS access for his unaccredited support staff and paralegals. Record (R.) at 366-67. In December 2016, VA denied the request. R. at 362-63. That same month, Mr. Carpenter filed a Notice of Disagreement (NOD). R. at 361-62. After further proceedings, on October 31, 2018, the Board denied remote, read-only access to automated VA claims records for Mr. Carpenter's unaccredited paralegals and staff. R. at 2-13.

### B. Mr. Chisholm's Appeal

In November 2014, Mr. Chisholm asked a regional office to grant remote VBMS access to his unaccredited paralegals. R. at 628-30. VA did not act on the request and, in April 2015, Mr. Chisholm filed a petition with this Court. R. at 615-66. In September 2015, VA informed Mr. Chisholm of the basis for withholding access, but did not grant or deny the request. R. at 606-08. In October 2015, Mr. Chisholm responded and again requested access. R. at 667-70. In May 2016, VA accepted the October 2015 letter as a petition for rulemaking (under 5 U.S.C. § 553(e)) to

revise 38 C.F.R. § 14.629 to allow VA to provide remote access to non-VA-accredited law firm support staff. R. at 588.

In September 2016, the Court partially granted Mr. Chisholm's petition, holding that "decisions regarding access to claims files are rendered pursuant to a law affecting the provision [of] veterans' benefits," and directing the Secretary to issue an appealable decision. *Chisholm v. McDonald*, 28 Vet.App. 240, 243 (2016) (per curiam order). In March 2017, the VBA denied Mr. Chisholm's unaccredited paralegals remote access. R. at 457. That same month, Mr. Chisholm filed an NOD. R. at 578-81. After further proceedings, on October 29, 2018, the Board denied Mr. Chisholm's unaccredited paralegals remote, read-only access to automated VBA claims records. R. at 369-82.

### C. The Board Decisions

In the decisions on appeal, the Board determined that the appellants had not established that their non-VA-accredited paralegals and support staff were entitled to remote, read-only access to VA claims records. R. at 2, 370. The Board addressed the interplay between §§ 1.600-.603 and the note to § 14.629 and, relying on this Court's decision in *Green*, determined that the regulations do not apply to VBMS access. R. at 4, 372-73. The Board acknowledged that "[i]t is possible the assumptions and factual premises underl[y]ing the Court's decision in *Green* . . . have changed[,]" but stated that, "as currently written, the law does not compel the Secretary to grant . . . access." R. at 7, 375. Assuming, however, that *Green* did not apply, the Board found the language in the note to § 14.629 permissive, and that the Secretary's Privacy Act and administrative concerns regarding access were not unreasonable, arbitrary, capricious, or an abuse of discretion. R. at 5-9, 373-77. The Board further noted that, even if the regulations pertain to VBMS, § 1.600(d)(2) provides that §§ 1.600-.603 "do not create, and may not be relied upon to create, any right or benefit, substantive or procedural, enforceable at law against the United States or [VA]." R. at 7, 375.

As to whether the Secretary's denying access violates 38 U.S.C. § 5904 and impedes the appellants' ability to competently and diligently represent their clients, the Board determined that the appellants had not alleged a specific instance in which they could not render effective counsel but rather had cited only hypothetical harm. R. at 9, 377-78. The Board thus found the relationship between access to VBMS for their paralegals and support staff and their statutory and ethical obligations too attenuated. R. at 9, 378. Turning to the appellants' arguments based on the practical

4

considerations of efficiently running a law firm, the Board stated in part that the appellants had not cited a specific instance in which, because paralegals and staff could not access VBMS, the appellants missed a statutory deadline, VA did not provide a decisional document, or the appellants could not access their clients' electronic records. R. at 11-12, 379-81. Ultimately, the Board concluded that this case comes down to the appellants' disagreement with VA's policy, but that the Secretary had cited legitimate privacy and administrative concerns, and that his exercise of discretion is not unreasonable. R. at 12, 381.

D. VA's Proposed Amendments to §§ 1.600-.603 and § 14.629

In February 2020, VA published a proposed rule to amend its regulations regarding remote access with a comment deadline of April 20, 2020. Individuals Accredited by the Department of Veterans Affairs Using Veterans Benefits Administration Information Technology Systems to Access VBA Records Relevant to a Claim While Representing a Claimant Before the Agency, 85 Fed. Reg. 9435 (proposed Feb. 19, 2020) (to be codified at 38 C.F.R. pts. 1, 14). VA stated that in 2003, when it added the note to § 14.629, which undergirds the appellants' arguments regarding access, VA IT systems did not include electronic copies of evidence. *Id*. at 9438-39. VA explained that the regulation's note "never meant that VA would always provide support staff . . . or paralegals with access to VBA IT systems." *Id*. at 9439. VA acknowledged, however, that "the note may have caused confusion and contributed to inconsistent application of current [§§ 1.600-.603] as VA has transitioned" from maintaining claimants' records in paper form to electronic form. *Id*. Thus, VA proposed changes to §§ 1.600-.603 and to remove the note to § 14.629 consistent with the clarification of its policy. *Id*. at 9436-39. VA noted that allowing unaccredited paralegals remote access to VA records would conflict with the proposed regulations and current practice of limiting access to claimants' accredited attorneys. *Id*. at 9439 (citing "VA's overarching responsibility to protect [v]eterans' privacy, maintain IT security according to Federal requirements, and control administrative burden and costs"). Mr. Chisholm informed the Court that he had submitted comments to VA urging the Agency not to implement the proposed changes. *See* Appellants' *Solze* Notice (Apr. 17, 2020).

The Court ordered the parties to address whether we should stay this case pending VA's publication of the final rule. The Secretary responded, asserting that the Court should stay the case until 60 days after the final rule is issued, allowing the appellants the opportunity to challenge the rule directly at the Federal Circuit under 38 U.S.C. § 502. Secretary's Response (Resp.) at 2. The

Secretary contended that if the case is not stayed, the appellants' arguments would be rendered moot if the proposed rule became the final rule. *Id*. at 3. The Secretary explained, however, that VA had no deadline for publishing the final rule, urging that the stay should not be limited to a specific period following the notice and comment period because "each rulemaking is different" and it could cause the stay to be lifted before the appellants have a chance to challenge the final rule. *Id*. at 3-4.

The appellants also responded, arguing that the Court should not stay this case. Appellants' Resp. at 1. They asserted that VA's categorical bar to remote access for their unaccredited paralegals and support staff is causing harm and, because the Secretary is under no deadline to publish the final rule and there is uncertainty over whether there will be a final rule, a stay would prolong that harm. *Id*. at 2-8. They also contended that, even if the Secretary's final rule removes the note to § 14.629, the removal will not moot their case because they also raised statutory and constitutional challenges. *Id*. at 8-9.

We also permitted the National Law School Veterans Clinic Consortium, which stated it had an interest in whether law students, paralegals, and clinic staff would be able to "*fully* participate" in the representation of clients, to file an amicus response to the Court's order. Amicus Curiae Resp. at 1. The amicus reiterated that any future final rule would not moot the statutory and constitutional conflicts here and that the Court should not stay the appeals pending an uncertain regulatory action. *Id*. at 1-5.

We thank the parties and the amicus for their helpful briefs. Given the uncertainty of whether or when final rules will be published and what they might provide—particularly given that, several months after the original panel decision was issued, VA has still not finalized these proposed amendments—we conclude that a stay of proceedings is not in the interest of judicial efficiency.

## II. ANALYSIS

On appeal, Mr. Carpenter and Mr. Chisholm argue that VA's categorical bar against access to VBMS by accredited attorneys' unaccredited paralegals and support staff violates the note to § 14.629. Appellants' Brief (Br.) at 13-16. They also assert that *Green* was void ab initio or dicta because that case concerned a motion under Rule 10 of the Court's Rules of Practice and Procedure, and the Court thus did not need to analyze §§ 1.600-.603 to answer the question presented there.

6

*Id.* at 16-18. In the alternative, they argue that *Green* is not controlling because the Court's analysis of §§ 1.600-.603 in that case has self-abrogated, given that VA's technological landscape has changed. *Id.* at 16, 18-20. Finally, they assert that VA's categorical bar against remote access to VBMS for accredited attorneys' unaccredited employees violates section 5904(a) and due process and that the addition to and omission from the record before the agency (RBA) of some documents constituted statutory and due process violations. *Id.* at 20-30.

The Secretary argues that there is no statutory or regulatory right to remote, read-only access to VBMS, that *Green* is controlling, and that the appellants have not carried their burden of proving prejudicial error. Secretary's Br. at 4-12. The Secretary also asserts that VA has not violated section 5904(a) and that it afforded the appellants due process. *Id.* at 13-20.

### A. Legal Landscape

#### 1. Statutory and Regulatory Framework

Attorneys must competently represent their clients before VA. 38 U.S.C. § 5904(a). In carrying out this representation, attorneys require access to their clients' claims records. As explained below, that access is in some cases governed by §§ 1.600 through 1.603, which prescribe procedures for "[w]hen, and under what circumstances, VA will grant authorized claimants' representatives read-only access to the automated [VBA] claims records" and "[t]he exercise of authorized access by claimants' representatives." 38 C.F.R. § 1.600(a)(1)-(2) (2021). Section 1.601(a) provides that a successful applicant for read-only access to VBA automated claims records from a location other than a regional office must be one of the following:

(1) An organization, representative, attorney or agent approved or accredited by VA under §§ 14.626 through 14.635; or

(2) An attorney of record for a claimant in proceedings before the Court of Veterans Appeals or subsequent proceedings who requests access to the claimant's automated claims records as part of the representation of the claimant.

38 C.F.R. § 1.601(a) (2021).

Section 1.600(b)(1) provides that "VBA will grant access to its automated claimants' claims records from locations outside [r]egional [o]ffices . . . [o]nly to individuals . . . granted access . . . under §§ 1.600 through 1.603." 38 C.F.R. § 1.600(b)(1). And § 1.600(c) provides:

(1) Access will be authorized only to the inquiry commands of the Benefits Delivery Network [(BDN)] which provide access to the following categories of data:

7

(i) Beneficiary identification data such as name, [S]ocial [S]ecurity number, sex, date of birth, service number[,] and related service data; and

(ii) Claims history and processing data such as folder location, claim status, claim establishment date, claim processing history, award data, rating data, including service-connected medical conditions, income data, dependency data, deduction data, payment data, [and] educational facility and program data.

38 C.F.R. § 1.600(c).

Finally, the note to § 14.629, which concerns the requirements for accreditation of service organization representatives, agents, and attorneys, states:

A legal intern, law student, paralegal, or veterans service organization support-staff person, working under the supervision of an individual designated under § 14.631(a) as the claimant's representative, attorney, or agent, may qualify for read-only access to pertinent [VBA] automated claims records as described in §§ 1.600 through 1.603 in part 1 of this chapter.

38 C.F.R. § 14.629 Note (2021).

## 2. Green v. McDonald

*Green* concerned VA's denial of remote VBMS access to an attorney who represented the claimant before this Court, but who was not VA-accredited. 28 Vet.App. at 283. Mr. Green asserted that the Board decision identified an error in VBMS concerning when VA had received records and that VBMS access was thus necessary to determine whether an RBA dispute existed. *Id*. & n.3. The Secretary responded that "it was VA's policy to require Court attorneys to *also* be accredited representatives before . . . VA before VBMS" access was granted. *Id*. at 283 (internal quotation marks omitted).

Mr. Chisholm's law firm, which represented Mr. Green in that case, argued that remote VBMS access was consistent with Rule 10(d) of the Court's Rules of Practice and Procedure, which provides that the Secretary must permit a claimant or representative to inspect and copy, subject to reasonable regulation, any original material in the RBA. *Id*. at 284. Mr. Chisholm's firm also argued that, read together, § 1.600(b)(1) and § 1.601(a)(2) afford an attorney before the Court the right to remote access to VBA automated claims records and "that the regulations do not give the Secretary discretion to impose, [through] internal policy, an additional accreditation requirement on attorneys before the Court." *Id*. at 283-84.

The Court concluded that attorneys representing claimants before the Court do not have a regulatory right, under §§ 1.600-.603, to remote read-only access to the claimants' VBMS files. *Id*.

at 294. The Court determined that, standing alone, §§ 1.600-.603 do not define "automated VBA claims records" or "automated claimants' claims records"; but, "when § 1.600 is read in its entirety, it becomes clear that 'automated VBA claims records' and 'automated claimants' claims records' do *not* include VBMS files or a claimant's electronic claims folder." *Id.* at 290. The Court explained that, "[b]y limiting access to categories of data and information enumerated in § 1.600(c)(1), the regulation provides some context in which to understand the meaning of 'VBA automated claims records' or 'automated claimants' claims records.'" *Id.* The Court noted that the categories of accessible data do not include VBMS files or a claimant's electronic claims file. *Id.* To the contrary, the Court noted that "§ 1.600(c)(1)(ii) specifies that the BDN will provide the '[c]laims history and processing data such as folder location.'" *Id.* (emphasis omitted) (quoting 38 C.F.R. § 1.600(c)(1)(ii) (2016)). Thus, the Court found unavailing "Mr. Green's argument that the regulations should be interpreted to authorize access to his VBMS file." *Id.*

### B. Technological Changes and *Green*

#### 1. Void Ab Initio or Dicta

We now turn to the appellants' arguments. In arguing that *Green*'s interpretation of §§ 1.600-.603 was void ab initio or dicta, *see* Appellants' Br. at 16-18, the appellants first note that *Green* concerned a Rule 10(d) motion, which permits the Secretary to subject to reasonable regulation the right of attorneys before the Court to inspect and copy original materials in the RBA. They argue that, because of this the Court did not have to analyze §§ 1.600-.603 and how those regulations pertained to VBA automated claims files because it was VA's policies, and not its regulations, that required those obtaining remote VBMS access to be accredited. *Id.* The appellants point out that under § 1.601(a), VA distinguishes between VA-accredited attorneys and agents and attorneys practicing before the Court and suggest that this is an independent basis for remote access. *Id.* They also argue that, even if the *Green* decision is not a nullity, its analysis of §§ 1.600-.603 is dicta because the analysis was unnecessary to the Court's decision on a Rule 10(d) motion. *Id.*

As stated above, in *Green* Mr. Chisholm's firm, which represented the claimant in that case, argued that, read together, § 1.600(b)(1) and § 1.601(a)(2) afford an attorney before the Court the right to remote access to VBA automated claims records and "that the regulations do not give the Secretary discretion to impose, [through] internal policy, an additional accreditation requirement on attorneys before the Court." 28 Vet.App. at 283-84; *see* 38 C.F.R. §§ 1.600(b)(1) (providing

9

that VBA will grant remote access to its automated claimants' claims records: "Only to individuals and organizations granted access to automated claimants' records under §§ 1.600 through 1.603"), 1.601(a) (stating that an applicant for remote access to VBA automated claims records must be (1) "[a]n organization, representative, attorney, or agent approved or accredited by VA under §§ 14.626 through 14.635"; or (2) "[a]n attorney . . . before the Court . . . who requests access to the claimant's automated claims records").

Contrary to the appellants' current contention, the *Green* Court had to analyze and interpret §§ 1.600-.603 because Mr. Chisholm's firm there argued that VA's policy contradicted the plain language of § 1.600(b)(1) and § 1.601(a)(2). Because the Court agreed that the plain language of § 1.601(a)(2) does not include an accreditation requirement for attorneys before the Court, 28 Vet.App. at 289-90, it logically also had to address whether the regulations applied to remote read-only access to VBMS, as well as analyze § 1.600(c) to understand what automated claims records "individuals and organizations granted access to automated claimants' records under §§ 1.600 through 1.603" could access. 38 C.F.R. § 1.600(b)(1). Thus, *Green*'s analysis of those regulations does not render the decision void ab initio or the analysis itself dicta.

Further, even if the situation here is distinguishable from that in *Green*, because *Green* involved an attorney representing a claimant before the Court and this case involves attorneys and agents representing claimants before VA, § 1.601(a) provides that both VA accredited attorneys or agents and unaccredited attorneys before the Court may have access to automated claims records. But what those claims records include does not change, regardless of whether it is an accredited attorney or agent, or an unaccredited attorney before the Court, who requests access to them. In other words, even though the situation here involves categories of people different than those in *Green*, that does not change the applicability of *Green*'s holding that automated claims records, as noted in § 1.600, do not include VBMS, no matter who is accessing them.

### 2. Self-Abrogation

The appellants also argue that given changes in VA's technological landscape, *Green*'s analysis of §§ 1.600-.603 has self-abrogated. Appellants' Br. at 18-20 (asserting that the exhibits annexed to their brief demonstrate that post-*Green* developments "have rendered *Green*'s state of the world obsolete" and "obviate[d] *Green*'s articulated security concerns"). Section 1.600(b) provides that "VBA will grant access to its automated claimants' claims records from locations outside [r]egional [o]ffices" and § 1.600(c)(1) provides that "[a]ccess will be authorized only to

10

the inquiry commands of the [BDN]." The Court acknowledges that there have been some changes to VA's technological landscape since 2008, when § 1.600 was last updated.

For example, in a September 2016 VA letter regarding granting accredited representatives access to VA information systems, the principal deputy under secretary for benefits provided guidance to all the regional offices regarding granting accredited representatives access to VA information systems. R. at 51-54. He instructed them that, upon successful completion of a background investigation and issuance of a personal identity verification (PIV) badge, "VA will grant access to the VA network and to the . . . []VBMS[]." R. at 52. Additionally, in the February 2020 Federal Register notice about the proposed rule changes to §§ 1.600-.603 and § 14.629, VA stated that its "effort to modernize the claims processing system has required a change to storing records relevant to benefit claims before the agency and processing such claims in electronic form, currently utilizing the . . . []VBMS[] information system." 85 Fed. Reg. at 9436; *see id.* (also stating that the experience of VA claimants, representatives, and the agency since the transition to VBMS warrants clarification of terms and processes related to how attorneys, agents, or representatives of VA-recognized veterans service organizations (VSOs) may have direct access to VBA's claims records). VA further stated that "[t]he proposed rule would also revise most of § 1.600(c) to remove references to antiquated IT systems and commands." 85 Fed. Reg. at 9437; *see id.* (explaining that removing these references serves to "ensure VA's regulations stay current regardless of future IT developments" and that the Agency thus proposed to "describe affected IT systems more generally").

Despite these apparent technological changes, however, the text of §§ 1.600-.603 has not changed since *Green*. *Compare* 85 Fed. Reg. at 9436-37 (publishing the proposed changes to these regulations), *with* Oral Argument at 45:14-45:45, *Carpenter v. Wilkie*, U.S. Vet. App. No. 19-1136 (oral argument held Nov. 17, 2020), http://www.uscourts.cavc.gov/oral_arguments_audio.php) (the Secretary noting that VA is still addressing comments and that it is unclear whether a final rule will be published).[3] And the appellants have not persuaded us how we can consider anything but the plain language of the regulations and *Green'*s controlling analysis of those regulations.

First, the appellants fail to explain how the common law maxim—when the reason of a rule ceases, so should the rule itself—applies to a court's plain-language interpretation of a

---

[3] When this revised panel decision was issued, VA had still not published a final rule regarding the February 2020 proposed amendments.

11

regulation in a precedential decision. Appellants' Br. at 18 (citing *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), and two nonbinding cases about changed circumstances justifying departure from common law rules, but not elaborating on how VA technological changes compel a departure from applying that Agency's regulations); *see Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court will not entertain underdeveloped arguments). VA appears to be updating its regulations in response to the technological changes; but until such updates are complete, the Court will not, based on underdeveloped arguments, disregard the current regulations' plain language and *Green*'s interpretation of that plain language.

The appellants also contend that VA now treats VBMS e-folders as constituting "VBA automated claims records," Appellants' Br. at 17, those records discussed in §§ 1.600 through 1.603. But it is unclear whether VA relies on §§ 1.600-.603 to grant VBMS access to accredited attorneys and agents. For example, the principal deputy under secretary's September 2016 VA letter cites no statutory or regulatory authority. *See* R. at 51-54; *id.* (nor does the letter mention access for unaccredited attorneys practicing before the Court, even though § 1.601 states that remote access to VBA automated claims records can be granted for accredited attorneys or agents, *or* for unaccredited attorneys representing claimants before the Court). Further, the Secretary responded during oral argument that, although he could not identify the regulations on which the September 2016 letter was based, VA does not regard §§ 1.600-.603 as including VBMS and that VA follows protocols the same as those extant when we issued *Green*, including requiring a PIV card for access to VA systems. Oral Argument at 35:30-37:30; *id.* at 43:52-44:32 (noting that there is a proposed rule governing VBMS). Thus, although the appellants assert that "[w]hether by abandonment, estoppel, or similar doctrine, VA may not now rely on *Green*'s analysis . . . for a . . . . position" contrary to VA's treating VBMS e-folders as constituting VBA automated claims records, Appellants' Br. at 18, the appellants provide no analysis and cite no legal authority, and they fail to explain how we can interpret the language of the regulations as applying to VBMS. We therefore find this argument unpersuasive.

The appellants also characterize the "dispositive fact" in *Green* as "the only way" for VA to grant remote access was "to grant logistical access to VA['s] networks and information systems" and assert that those security concerns have now been obviated. Appellants' Br. at 18-20. But the appellants' reading of *Green* is mistaken. VA's security concerns played no role in the Court's regulatory interpretation in *Green*. 28 Vet.App. at 288-90 (relying instead on the plain language

of the regulations and finding that §§ 1.600-.603 do not provide a right to remote access to claimants' VBMS files); *id.* at 293-94 (discussing the Secretary's arguments regarding security concerns, but not basing its interpretation on those arguments). And, even regarding whether the Secretary's policy was reasonable under Rule 10 of the Court's Rules of Practice and Procedure, the Court declined to "delve into the Secretary's policies and procedures" because the appellant had not established a statutory right to remote access. *Id.* at 293.

To the extent that the appellants maintain that remand is required for the Board to address in the first instance whether "'the assumptions and factual premises underl[y]ing the Court's decision in *Green*'" have in fact changed, Appellants' Br. at 19 (quoting R. at 7, 375), they fail to acknowledge the Board's reliance on the law "as currently written"; do not address the Board's alternative finding pursuant to § 1.600(d)(2), which provides that the regulations do not create an enforceable right, R. at 7, 375; and fail to explain how the Board could reach a contrary result considering that the Board is bound by VA regulations and precedential decisions of this Court, *see* 38 U.S.C. § 7104(c); *Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991) ("We hold that a decision of this Court, unless or until overturned . . . [is] authoritative and binding as of the date of the decision is issued and . . . [is] to be followed by VA agencies of original jurisdiction, the Board . . . , and the Secretary in adjudicating and resolving claims."); *see also Soyini v. Derwinski*, 1 Vet.App. 540, 546 (1991) (finding that strict adherence to the reasons-or-bases requirement is not warranted where it would impose additional burdens on the Board with no benefit flowing to the claimant). We thus conclude that the appellants have not shown that any reasons-or-bases error on the part of the Board is prejudicial.[4] *See Shinseki v. Sanders*, 556 U.S. 396, 410, 413 (2009) ("[T]he party seeking reversal normally must explain why the erroneous ruling caused harm[,] . . . by marshaling the facts and evidence" and must "explain[ ] . . . how the . . . error to which he [or she] points could have made any difference.").

### 3. § 14.629 and Summary

In sum, the appellants have demonstrated no error on the part of the Board for relying on *Green* to find that §§ 1.600-.603 do not apply to VBMS access. Further, the Court must review and apply the regulations' language, as well as its own interpretation of that language in *Green*.

---

[4] For these reasons, we are also unpersuaded by Mr. Carpenter's assertion in his motion for reconsideration that declining to remand the matter for the Board to address self-abrogation in the first instance violates the *Chenery* doctrine. Motion for Reconsideration at 5-6 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943)).

Doing so here, we find that the appellants fail in arguing that VA's categorical bar against VBMS access for unaccredited paralegals and support staff violates the note to § 14.629. *See* Appellants' Br. at 13-16. Section 14.629 concerns the requirements for accreditation of attorneys, agents, and VSOs, and the note to that regulation states that a "legal intern, law student, paralegal, or [VSO] support-staff person, working under the supervision of an individual designated . . . as the claimant's representative, attorney, or agent, may qualify for read-only access to pertinent [VBA] automated claims records as described in §§ 1.600 through 1.603." 38 C.F.R. § 14.629 Note. But, as explained above, the automated claims records referenced there—i.e., those described in §§ 1.600-.603—do not include VBMS. *See Green*, 28 Vet.App. at 288-90. Thus, any error in categorically barring these people's access to VBMS would not be related to the regulations.[5] Further, because the note to § 14.629 refers only to access granted under §§ 1.600-.603, the Court need not address the appellants' arguments that the Board erred when it concluded that the language of the note was not mandatory.

And, although the Court is aware of current VA policy, separate from the regulations, about access to VA IT systems, *see, e.g.*, R. at 51-54 (Sept. 2016 VA letter), the appellants focused the arguments in their briefs on the regulations and not on whether VA's policies were arbitrary or capricious. Indeed, they did not challenge the Board's findings that the Secretary's decision to bar access and his stated privacy and administrative concerns are not unreasonable, arbitrary, capricious, or an abuse of discretion, R. at 3, 7-9, 372, 375-79, or that the plain language of § 1.600(d)(2) provides that the regulations do not create an enforceable right or benefit, R. at 7, 375. Thus, although the appellants focused many of their assertions during oral argument on the reasonableness of the Secretary's policy, the Court will not address such matters. *See Pederson v. McDonald*, 27 Vet.App. 276, 281-85 (2015) (en banc) (declining to review the merits of an issue not argued on appeal); *see also Carbino v. Gober*, 10 Vet.App. 507, 511 (1997) (declining to review an argument first raised in the appellant's reply brief), *aff'd sub nom. Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("[I]mproper or late presentation of an issue or argument . . . ordinarily should not be considered."). Unlike other cases in which the Court has exercised its discretion to hear late-raised arguments, *see, e.g.*, *Crumlich v. Wilkie*, 31 Vet.App. 194, 202 (2019),

---

[5] The Court acknowledges that, although the note to § 14.629 lists paralegals, there remains the question whether that note includes a law firm's other support staff. *See* 38 C.F.R. § 14.629 Note (specifically listing "[VSO] support-staff"). But we will not delve into that issue because, even if the note includes non-paralegal support staff, like paralegals, barring their access to VBMS is unrelated to the regulations at issue (§§ 1.600-.603).

14

we decline to do so under the circumstances here. Finally, though VA has proposed revisions to §§ 1.600-.603 and § 14.629, *see* 85 Fed. Reg. 9435-39, the Court is without authority to analyze any possible changes in the regulations.

### C. Competent and Diligent Representation

We next turn to the appellants' argument that VA's categorical bar to remote VBMS access for unaccredited paralegals and support staff violates 38 U.S.C. § 5904(a)(2). Section 5904(a)(2)(A) states the following:

> The Secretary shall prescribe in regulations (consistent with the Model Rules of Professional Conduct of the American Bar Association [(ABA)]) qualifications and standards of conduct for individuals recognized under this section, including a requirement that . . . an individual must . . . show that such individual is of good moral character and in good repute, is qualified to render claimants valuable service, and is otherwise competent to assist claimants.

38 U.S.C. § 5904(a)(2)(A). The appellants assert that VA is depriving claimants of their right to competent and diligent representation because VA is limiting their representatives' ability to faithfully execute their duties under section 5904, the ABA Model Rules of Professional Conduct, and VA's regulations concerning representation. Appellants' Br. at 21-23.

In both decisions on appeal, the Board found "the relationship between VA's decision not to grant [appellants'] unaccredited paralegals and staff access to VBMS and the competence mandated by Congress and state ethical rules too attenuated," particularly because appellants provided only hypothetical situations rather than specific instances of when they could not provide effective counsel. R. at 9; *see* R. at 378.[6] And, indeed, the appellants here only provide hypotheticals and speculative harms rather than specific examples of harm suffered due to VA's categorical bar. Appellants' Br. at 22-23 (arguing about general delays because unaccredited paralegals or support staff must wait for an accredited attorney or agent to access VBMS, which in turn diminishes the accredited representatives' capacity to perform other tasks); *id.* (presenting hypotheticals such as "[i]f a client contacts [the] office" about the status of a case and "[i]f no accredited representative is available," and alleging that the process causes delay); *see Sanders*, 556 U.S. at 409 (holding that the appellant bears the burden of proving prejudice on appeal); *cf. Saunders v. Brown*, 4 Vet.App. 320, 324 (1993) (noting that "[a]n appellant who seeks redress in

---

[6] The Board also found that the appellants' arguments speak more to convenience and their preferred way to run their law practices, but that they had not shown that VA's policies precluded competent and diligent representation or that the policies were unreasonable. R. at 12, 381.

federal court must demonstrate 'actual injury redressable by the court'" (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 38 (1976))).

In *Green*, the Court stated that, "[a]lthough remote access to claims records might ease the process of representation, the Court agrees with the Secretary that Mr. Green's argument that VA is prohibiting his attorney from providing competent and diligent representation rings hollow." 28 Vet.App. at 293. The same is true here. Although the appellants make a statutory argument, it is nevertheless similar to the argument that Mr. Chisholm made in *Green*, that the ABA Model Code of Professional Conduct and VA's regulations required competent and diligent representation. *Id*. at 284; *see* Appellants' Br. at 21-23 (appellants here also citing the ABA Model Rules of Professional Conduct and VA's regulations to support their competence-and-diligence argument). Any distinction that we discern between the argument here and that in *Green* is inconsequential. In fact, applying *Green*'s rationale seems even more compelling here. *Green* concerned an unaccredited attorney before the Court. Denying him remote access would mean he could gain access only at the VA General Counsel's office or at a VA regional office, *Green*, 28 Vet.App. at 295, because, presumably, there would be no other representative to remotely access the client's automated claims records. Yet here, the accredited attorneys and agents have remote access to automated claims records, even if the unaccredited paralegals and support staff in their law firms do not. Thus, we will apply *Green*'s logic here: as the Board found, there has been no showing that accredited attorneys and agents cannot competently represent their clients because their unaccredited paralegals and support staff cannot remotely access automated claims files. We therefore find that VA's categorical bar to remote VBMS access for those individuals does not violate section 5904(a).[7]

Finally, the appellants' argument that the Board applied an erroneous standard to establish prejudice is undeveloped. Appellants' Br. at 23; *see Locklear*, 20 Vet.App. at 416. In essence, they criticize the Board for noting that they have not shown a specific instance of harm, Appellants' Br. at 23; *see* R. at 9, 378, and they contend that "[t]hat severity of harm is not necessary to establish prejudice," Appellants' Br. at 23 (mentioning, e.g., missing a deadline in a client's case). But they do not proffer what standard should apply, nor elaborate any further on their assertion. In his

---

[7] We note that, during oral argument, the Secretary stated that the Model Rules do not trump statutes or regulations. Oral Argument at 41:17-41:27. Even so, section 5904(a) does reference the Model Rules. In any event, though, the appellants have not shown that accredited attorneys and agents cannot competently represent their clients under either the statute or the Model Rules.

motion for reconsideration, Mr. Carpenter asserts that our analysis appears to rest on the more particularized harm requirements for standing rather than the standards for establishing prejudice, and that, even if the standing requirements controlled, he meets them. Motion for Reconsideration at 6-7 (citing in part *Simmons v. Wilkie*, 30 Vet.App. 267, 279-85 (2018), *aff'd*, 964 F.3d 1381 (Fed. Cir. 2020)). Assuming that Mr. Carpenter believes that the framework set forth in *Simmons* for determining whether an error was harmless applies here, he still does not explain how he satisfies those factors, such as how any purported error in this regard (1) "abrogate[d] the essential fairness of the adjudication or deprive[d] a claimant of a meaningful opportunity to participate in the processing of [his or her] claim," *Simmons*, 30 Vet.App. at 281-82; or (2) disrupted the essential fairness of the particular adjudication, either by preventing the claimant from effectively participating in the adjudicative process or affecting or potentially affecting the outcome of the determination, *id.* at 279. The Court will not make those arguments for him. *See Locklear*, 20 Vet.App. at 416.

Although the Court recognizes that there are perhaps more efficient and convenient ways to balance a law firm's needs with VA's concerns—such as VA accrediting all paralegals[8] and support staff, or VA revoking accreditation of an attorney if his or her unaccredited paralegal or support staff misuse the systems to which they were granted access under the attorney's supervision—as always, it is not the Court's place to write laws or make VA policy. As noted above, the Board found the relationship between remote access for unaccredited paralegals and support staff and the appellants' duties under section 5904 too attenuated; thus, the appellants have not demonstrated Board error in this regard.

### D. Due Process

#### 1. VA's Categorical Bar

The appellants assert that remand is required for the Board to address their due process argument. Appellants' Br. at 23-24. First, they cite pages 302, 409, 410, and 414 of the record, as containing the argument raised to the Board; these pages contain one-line conclusory assertions that the denial of remote access to paralegals and support staff violates or affects claimants' due process rights. Although the Board did not discuss these assertions, remand is not required on this basis because (1) the Court reviews constitutional questions de novo, *see Buzinski v. Brown*,

---

[8] Mr. Chisholm stated in his March 2018 Substantive Appeal that he employs some accredited paralegals. R. at 408.

17

6 Vet.App. 360, 365 (1994); (2) the appellants' arguments to the Board were not developed; and (3) as set forth above, they have not established error in the Board's determination that VA's categorical bar does not preclude effective representation.[9] Further, to the extent that the appellants suggest that remand is necessary by contending that their constitutional argument contains an "as-applied" element, Appellants' Br. at 24, which necessarily involves facts, they do not explain what factual dispute is at play, nor is one apparent from their Substantive Appeals, *see* R. at 302, 409, 410, and 414.

## 2. *The Claims File*

The appellants also argue that record deficiencies—the addition of certain documents to and omission of certain documents from the claims files—violated 38 U.S.C. § 7104(a) (the Board decision must be based on the entire record) and 38 U.S.C. § 7252(b) ("Review in the Court shall be on the record of proceedings before the Secretary and the Board."), as well as due process, which safeguards the development of their claims. Appellants' Br. at 25, 27. The appellants contend that, given these deficiencies, they did not know what material was and was not before the Board, depriving them of an opportunity to fully participate in their Board proceedings. *Id.* at 27. We note that, during oral argument, the Secretary acknowledged that VA assembled the records in an unusual manner in these cases (e.g., paper claims files) because they concerned the atypical situation of attorneys obtaining access to automated claims records rather than the typical situation of veterans seeking benefits. Oral Argument at 46:32-48:13. But the Secretary asserted that this and the other claimed record deficiencies did not violate due process, deprive the appellants of an opportunity to participate, or prejudice them. *Id.*; *see id.* at 48:38-49:07. We agree.[10]

---

[9] In his motion for reconsideration, Mr. Carpenter acknowledges that he did not elaborate on this argument in his opening brief. Motion for Reconsideration at 7 (stating that he "did not, to be sure, devote pages and pages of analysis to belaboring this point"). He asserts that he did not raise a purely constitutional argument; rather, because the Board failed to address due process, it erred under 38 U.S.C. § 7104(d)(1) (providing that Board decisions must include a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record). Motion for Reconsideration at 7. Essentially, he is arguing that the Board did not provide adequate reasons or bases about due process. But we explain above why the Board's failure to discuss this argument does not require remand. *See Soyini*, 1 Vet.App. at 546.

[10] Because we agree that the appellants have not met their burden of demonstrating that they were prejudiced by any alleged record deficiencies, we will not address the parties' dispute over whether the appellants should have raised these arguments earlier in these proceedings or whether the Secretary should be estopped from raising this defense. *See* Secretary's Br. at 18-20; Reply Br. at 14-15. Likewise, although the Secretary did not substantively respond to the appellants' arguments about the alleged record deficiencies and, instead, rested on his procedural argument, under the circumstances of this case, we decline to infer a concession of prejudicial error or to relieve the appellants of their burden of persuasion. *Cf.* Reply Br. at 14-15 (citing *MacWhorter v. Derwinski*, 2 Vet.App. 133, 136 (1992)).

The appellants claim that, without disclosing when and why, VA added the following documents to their paper claims files, Appellants' Br. at 26: (1) A VA document entitled "Information Security Rules of Behavior for Non-Organizational Users," R. at 21-25, 702-06; (2) November 2016 VA guidance entitled "IT and Security Requirements for VSOs and Private Attorneys," R. at 26-50, 677-701; (3) the September 2016 VA letter to regional offices discussed above, R. at 51-56, 671-76; and (4) an April 2016 VA memorandum stating that VBA will cover the cost associated with issuing PIV cards, including the background investigations for private attorneys and claims agents, R. at 57, 707.

The appellants also question why VA did not include other documents, such as the documents annexed to their opening brief, and assert that VA did not include in their claims files Mr. Chisholm's original Substantive Appeal and some email correspondence (noting that the record contained printouts of emails but not all the originals). Appellants' Br. at 26; *see id*. at 9 n.1 (stating that the RBA did not have Mr. Chisholm's original Substantive Appeal and that the brief cites a copy that Mr. Chisholm appended to a later motion; citing R. at 403-58). They also state that the Board relied in Mr. Carpenter's case on a September 2015 deputy general counsel letter to Mr. Chisholm that was not in Mr. Carpenter's claims file. Appellants' Br. at 27 (noting that the letter was in Mr. Chisholm's claims file).

However, except for the September 2016 VA letter to regional offices and the evidence annexed to their opening brief,[11] absent from the appellants' briefs is any specific assertion

---

[11] In this regard, we note that the appellants rely on these documents to support their assertions that *Green*'s analysis of §§ 1.600-.603 has self-abrogated and that the purportedly dispositive security concerns in *Green* have been obviated. Appellants' Br. at 18-19 (citing *Green*, 28 Vet.App. at 286). As indicated above, however, the appellants are mistaken about the role VA's security concerns played in *Green* and they have not shown on what basis we or the Board may ignore the plain language of the regulations and controlling precedent.

In our prior panel decision, we noted that we are limited in what material we may review and treated the documents annexed to the appellants' brief as extra-record evidence. *See* 38 U.S.C. § 7252(b) (providing that "[r]eview in the Court shall be on the record of proceedings before the Secretary and the Board"). In his motion for reconsideration, Mr. Carpenter argues that the Federal Circuit's intervening decision in *Euzebio* now requires the Court to review those documents. Motion for Reconsideration at 4-5. Assuming without deciding that under *Euzebio* the annexed documents were actually or constructively in the Board's possession, the appellants have not shown that any Board error in not addressing those documents was prejudicial. *See Sanders*, 556 U.S. at 409.

The first document is a 2017 "Caseflow Product Impact Statement," explaining that "Caseflow" is a suite of web-based tools that VA developed for the Board to replace the Veterans Appeals Control and Location Systems (VACOLS). Appellants' Br., Exhibit (Ex.) 1 at 2. The document stated that claimants have hundreds of electronic files associated with their cases and stored in VBMS, but that VBMS does not provide a "download all" function and that a feature of Caseflow will remedy this deficiency. *Id*. at 13. It also stated that documents from older cases are stored in a system called "Virtual VA," but that that system would soon be obsolete. *Id*. at 14.

regarding the content and relevance of the documents added to or omitted from their claims files or how consideration of, or the lack of consideration of, those documents might have affected the Board's decisionmaking. Without more explanation from the appellants, the Court cannot determine how the inclusion or omission of these documents in or from their claims files prejudiced them or prevented them from fully participating in their Board proceedings. *See Sanders*, 556 U.S. at 409; *Locklear*, 20 Vet.App. at 416. Thus, we do not find that the addition to and omission from the claims files of the documents listed above prejudiced the appellants or deprived them of the opportunity to fully participate in their Board proceedings.[12]

Finally, the appellants contend generally that the claimed record deficiencies were per se prejudicial. Appellants' Br. at 29-30 (citing *Simmons*, 30 Vet.App. at 281-82). But, as the Court found in *Simmons*, the appellants here have "not persuasively demonstrated how [this] error affected the essential fairness of the adjudication . . . or deprived [them] of a meaningful opportunity to participate in the fair processing of [their] claim[s]." 30 Vet.App. at 283 (noting that the failure to provide a presumption in a prior decision did not have the natural effect of preventing meaningful participation in the VA adjudication process). Although the addition to or

_____

The second document is an article about eliminating a technological bug before deploying Caseflow. Appellants' Br., Ex. 2. To the extent that these documents show that the VA technological landscape has changed, the Court recognizes that it has changed. Even so, the text of §§ 1.600-.603 has not changed since *Green*, and the appellants have not shown how the Board's review of the annexed documents would alter that fact. And again, although the appellants rely on the annexed documents to show that the security concerns in *Green* have been obviated, Appellants' Br. at 18-20, VA's security concerns played no role in the Court's regulatory interpretation in *Green*. 28 Vet.App. at 288-90. Thus, even if the Court could consider these documents, we find that the Board's failure to include them in the appellants' claims files and to address them does not warrant remand. *See Sanders*, 556 U.S. at 409; *cf. Tobler*, 2 Vet.App. at 14; *Soyini*, 1 Vet.App. at 546.

[12] Although the appellants bear the burden of demonstrating prejudice, we find that (1) our conclusion here is particularly true with respect to the September 2016 VA letter, which the appellants relied on to support their arguments, *see* Appellants' Br. at 5, 15 (citing the September 2016 letter as evidence that records referenced in §§ 1.600-.603 and § 14.629 include VBMS files); and (2) although the Board in Mr. Carpenter's case referenced the September 2015 letter from the deputy general counsel to Mr. Chisholm that was apparently not in Mr. Carpenter's claims file, that letter discussed VA's privacy and administrative concerns regarding granting access to unaccredited paralegals, concerns the appellants essentially abandoned here on appeal, *see ante* at 13.

Likewise, with respect to the omitted documents, we find that (1) our conclusion is particularly true where a copy, if not the original, of Mr. Chisholm's Substantive Appeal was in the claims file; and (2) although the claims files may not have included some original correspondence, copies of that correspondence in the claims files show that that correspondence consisted of emails between the appellants and VA simply communicating the status of their claims and did not concern any substantive matters, *see* R. at 311-12, 318-19, 332-35.

To be clear, although we are making no determinations regarding these documents in the first instance, we are permitted to review them for prejudicial error. *See Newhouse v. Nicholson*, 497 F.3d 1298, 1301 (Fed. Cir. 2007) (holding that this Court may make factual findings in reviewing for prejudicial error); *Vogan v. Shinseki*, 24 Vet.App. 159, 164 (2010) (finding that this Court is permitted to look beyond the Board's decision to review the record of proceedings when identifying prejudicial error).

omission from a claims file of documents could involve a situation that violates minimum standards of fairness, *see id*. (the Court in *Simmons* noting lack of or defective notice, lack of an opportunity for a hearing, and partiality or dishonesty of a decisionmaker as factors violating fairness in other cases), the appellants' argument here is underdeveloped and the Court will thus not address it further, *see Locklear*, 20 Vet.App. at 416.

## E. Summary

In sum, we find that, because §§ 1.600-.603 have not changed since *Green*, the Court must follow the regulations' plain language and *Green*'s analysis of that language; the regulations do not pertain to VBMS access. We also find that the appellants have not proved that they were prejudiced by the denial of VBMS access to their unaccredited paralegals and staff or by any alleged record deficiencies. Thus, we will affirm the Board's decisions.

## III. CONCLUSION

On consideration of the above, the Court grants panel reconsideration; the February 24, 2021, panel decision is WITHDRAWN; and this panel decision is issued in its stead under both U.S. Vet. App. Docket Numbers 19-1136 and 19-1137. Furthermore, we AFFIRM the October 31, 2018, Board decision denying entitlement to remote, read-only access to automated VA claims records for Mr. Carpenter's non-VA-accredited paralegals and staff, and the October 29, 2018, Board decision denying entitlement to remote, read-only access to automated VBA claims records for Mr. Chisholm's non-VA-accredited paralegals.